Yazoo & M. V. R. Co. *v.* Bolivar County *et al.*

(Division B. Oct. 16, 1939. Suggestion of Error Overruled Nov. 13, 1939.)

[191 So. 426. No. 33827.]

Shands, Elmore, Hallam & Causey, of Cleveland, R. C. Beckett, of Chicago, Illinois, and C. H. McKay and Lucius E. Burch, Jr., of Memphis, Tennessee, for appellant.

832

**Sillers & Roberts,** of Rosedale, and **J. A. Lauderdale,** Assistant Attorney-General, for appellees.

Argued orally by **H. F. Causey** and **R. C. Beckett**, for appellant, and **J. A. Lauderdale**, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, the Yazoo & Mississippi Valley Railroad Company, filed suit in the Circuit Court of Bolivar county, in the second judicial district thereof, to recover taxes in the amount of $1,272.65, paid under protest, which taxes were assessed against the property of the appellant for the year 1938, being the one mill tax levied under chapter 315, Laws of 1938. The suit was filed against the county, and the sheriff and tax collector, and the United States Fidelity & Guaranty Company, surety on the sheriff's bond. The assessment so made for the year 1938 is as follows:

"In re: Levy for Taxes for the Fiscal Year 1938-1939. Be it remembered that in the matter of the levy of taxes for the fiscal year 1938-1939 for the collection of taxes in Bolivar county, Mississippi, it is hereby ordered by the Board of Supervisors of said county, that the tax levy for said county and the various taxing districts therein for the fiscal year beginning October 1, 1938, be and the same is hereby fixed and levied as follows, to-wit:

"Common County: Maintenance, 5:00 Mills
Public Health, 1:00 Mills."

This order was dated October 26, 1938, and was voted for by each member of the board of supervisors in the affirmative, and is of record in minute book "G", page 122.

The application for refund was presented to the board

of supervisors, and reads as follows: "Statement of Items of general taxes extended on property of the Yazoo & Mississippi Valley Railroad Company for the year 1938, in Bolivar County, Mississippi, being part of said taxes alleged to be excessive, illegal and void, and which items of tax are paid under protest.

"Objection No. 1.

| Taxing District | Assessment | Excess Rate | Amount of Objection |
|---|---|---|---|
| Bolivar County—Y&MV | | | |
| Coahoma to Riverside Jct. | | | |
| (a) County—Public Health | $206,267 | .001 | $206.27 |

"Basis of Objection.

"Last paragraph Sec. 2, Ch. 104, Laws 1932 does not permit such levy in this county because it has a bonded indebtedness and a valuation in excess of $8,000,000.

"Ch. 315 Laws of 1938 provides a levy of not exceeding one (1) mill 'for the treatment of the indigent sick and for the promotion of the public health of the county.' Since this county has levied the maximum levy for *all general county purposes* exclusive only of levies for roads and bridges under Common County—Maintenance 5 mills" this additional levy of one mill is excessive under Sec. 2, Ch. 104, Laws of 1932. The limits of said Ch. 104 are not specifically excepted in said Ch. 315, as is usually done in subsequent acts.

"Objection No. 2.

| Bolivar County—Y&MV | | | |
|---|---|---|---|
| Rosedale to Boyle | | | |
| (a) County—Public Health, | $74,217 | .001 | $74.22 |

"Basis of Objection.

"Last paragraph Sec. 2, Ch. 104, Laws 1932 does not permit such levy in this county because it has a bonded indebtedness and a valuation in excess of $8,000,000.

"Ch. 315, Laws of 1938 provides a levy of not exceeding one (1) mill 'for treatment of the indigent sick and for the promotion of the public health of the county.' Since this county has levied the maximum levy for *all general county* purposes exclusive only of levies for roads and bridges under 'Common County—Maintenance 5 Mills,'

This additional levy of one mill is excessive under Sec. 2, Ch. 104, Laws of 1932. The limits of said Ch. 104 are not specifically excepted in said Ch. 315, as is usually done in subsequent acts.

(b) Common County Maintenance $206,267     .005     $1031.34

"Basis of Objection.

"The levy for this purpose does not comply with last sentence Sec. 1, H. B. 216, Laws Extraordinary Session 1938(Ch. 28).

"Received: 30 day of January, 1939.

"J. L. Smith by A. C. Pearman, Chief Deputy Sheriff, Sheriff and Tax Collector Bolivar Co."

The board of supervisors refused to make the refund applied for, and this suit was brought for the purpose of recovering the amount named in the declaration. On the basis of the contention that the one mill provided for in chapter 315, Laws of 1938, should have been included in the general county tax, and not made a separate tax, it is argued that chapter 104, Laws of 1932, section 2 thereof, limits the county to five mills, the section reading as follows, omitting immaterial parts: "The Board of Supervisors of any county is hereby empowered to levy ad valorem taxes on the taxable property in the respective counties in any one year for all general county purposes, exclusive only of levies for roads and bridges and schools, at the rate herein specified, but not in excess of the following amounts: . . . In counties having an assessed valuation of $20,000,000.00 and less than $25,000,000.00, 5 mills . . Provided, however, that counties having an assessed valuation of less than $8,-000,000.00 and having no bonded indebtedness shall be allowed to levy one additional mill for the purpose of maintaining a full time health unit."

By section 3227, Code of 1930, the board of supervisors of each county, at the regular October meeting each year, shall levy the county taxes for the fiscal year, and shall order the tax rates, expressed in mills, decimal or frac-

tion of a mill, "to be collected upon each dollar of valuation, upon the assessment rolls of the county, for county taxes; but, if the board of supervisors of any county shall not levy the county taxes at that time, the board may levy the same at any other regular adjourned, or special meeting."

This section was amended by chapter 28 of the special extraordinary session of the legislature of 1938, the amendment being approved August 28, 1938. The title of this act is, "An Act to amend section 3227, Mississippi Code of 1930, so as to provide a definite method for levying county, road district and school district ad valorem taxes; to provide for uniform tax receipts throughout the state; to provide a method for furnishing said receipts; and for other purposes."

In the first section of this act it is provided: "In making the levy of taxes the board of supervisors shall specify, in its order, the levy for each purpose, as follows: 1. For general county purposes (current expense and maintenance taxes), as fixed and limited by section 2, chapter 104, laws of 1932. 2. For roads and bridges, as fixed and limited by section 3, chapter 104, laws of 1932. 3. For schools, including the county-wide levy and the levy for each school district, other than municipal separate school districts, and for an agricultural high school, county high school or junior college (current expense and maintenance taxes), as fixed and limited by section 4, chapter 104, laws of 1932, or any amendments thereto. The levy for schools shall apply to the assessed value of property in the respective school districts (other than municipal separate school districts), and a distinct and separate levy shall be made for each school district, and the purposes for each levy shall be stated. 4. For road bonds and the interest thereon, separately for county-wide bonds and for the bonds of each road district. 5. For school bonds and the interest thereon, separately for county-wide bonds and for the bonds of each school district. 6. For county-wide bonds and the interest thereon, other than

for road bonds and school bonds. 7. For loans, notes or any other obligation, and the interest thereon, if permitted by law. 8. For any other purpose for which a levy is lawfully made. The order shall state the rate or levy for each item, making the total of the levy for the first purpose listed above, but such details need not be shown on the tax receipt.''

Chapter 315, 'Laws of 1938, regular session of the legislature, provides in section 1: ''That boards of supervisors of the various counties in the state of Mississippi be and are hereby authorized, in their discretion, annually to levy a special tax of not exceeding one mill on all the taxable property of the county to raise money for the treatment of the indigent sick and for the promotion of the public health of the county.'' In section 2 it is provided that: ''All revenue derived from the tax provided for in section 1 hereof shall be covered into the public health fund of the county and shall be subject to the appropriation of the boards of supervisors as the statutes provide for the treatment of indigent sick in the county and for the promotion of public health therein.''

It is contended by the appellant that the tax levy hereunder is a tax for general county purposes, and should be included in the five mill limitation for the county here involved, under chapter 104, Laws of 1932.

Bolivar county had established and maintained a health department for a number of years prior to the year here involved—at least from 1932 on. It is quite probable that the county health unit would have to be maintained by a tax included in the five mill limit, under chapter 104, Laws of 1932, it being conceded that Bolivar county had more than a $8,000,000 assessment; and that it had a bonded indebtedness in excess of $600,000, and consequently it wouldn't come within the proviso of section 2, chapter 104, Laws of 1932. But chapter 315, Laws of 1938, has the effect of removing the last proviso from section 2, chapter 104, Laws of 1932; for it is provided in chapter 315, Laws of 1938, that the boards of supervisors of the

various counties are authorized in their discretion, to levy a special tax.

It is clear that any county, under this chapter, is authorized to levy the one mill as a special tax, and that it was not intended to be included in the general county taxes. This is manifest, also, from the provision that the revenue derived from the tax "shall be covered into the public health fund of the county and shall be subject to the appropriation of the boards of supervisors as the statutes provide for the treatment of indigent sick in the county and for the promotion of public health therein."

It is difficult to see why the term "special tax" should be used in reference to the one mill tax, if it was intended that this levy, if made, should be included in the general county levy. A fund so derived under said chapter 315 could not be used for any general county purpose to which the board of supervisors might see proper to apply it; but it was to be covered into the county health fund of the county, making it a special fund, as well as a special tax, if it should be appropriated by the board of supervisors for the treatment of the indigent sick, and for the promotion of the public health.

We deem it unnecessary to go into any elaborate discussion of the views of the authorities in regard to distinguishing a general county tax from a special tax. The legislature, in chapter 315, expressly made the levy here involved a special tax, devoted to a special purpose, not to general county purposes. It may be true that in the absence of this chapter, or in the absence of the discretion there conferred, the tax might be levied with other general county taxes, and applied to the public health and to the treatment of the indigent sick; but the legislature took charge of the matter, designated the tax as a special tax, and limited its appropriation to the uses named in the section.

The principles involved in this case are practically the same as those involved in the case of Board of Sup'rs of Attala County v. Illinois Cent. R. Co., Miss., 190 So. 241.

840

The case was decided in the court below by the judge, acting as both judge and jury. His decision was in accordance with the views herein expressed, and the judgment is affirmed.

Affirmed.